{¶ 21} While I concur with the majority as to assignments of error one through five, I respectfully dissent with respect to its disposition of appellant's sixth assignment of error[23].
 {¶ 22} The following facts are applicable to this assignment of error. On October 29, 2001, prior to the filing of the court's sentencing journal entry, appellant filed his affidavit of indigency alleging that he was unable to retain counsel, that he had filed for bankruptcy in Federal District Court and that his house was in foreclosure. In the same affidavit, the appellant stated the bankruptcy proceeding would be withdrawn. Appellant did not attach any verifying documentation to this affidavit.
 {¶ 23} In addition, the presentence report submitted to the trial court demonstrated appellant had an employment history, including his most recent employment as a laborer earning $7.50 per hour beginning November 1, 2000 until his arrest. The record confirms the trial court considered appellant's ability to pay during sentencing.
 {¶ 24} This court cannot take any action regarding the lower court's sentencing unless it clearly and convincingly finds that one of the two factors under R.C. 2953.08(G)(2)(a) or (b) applies. Neither of the two factors under R.C. 2953.08(G)(2)(a)or(b) would justify modifying or vacating his sentence in this case.
 {¶ 25} The Eleventh District, in State v. Grissom, Lake App. No. 2001-L-107, 2002-Ohio-5154, addressed the issue of imposing mandatory fines and the indigency status of a defendant to obtain counsel. InGrissom, the court made an important distinction between defendant's constitutional right to counsel and proof of indigency required to avoid a mandatory statutory fine. The Grissom court stated, "[a]s the Supreme Court of Ohio noted in Gipson, a trial court has wide latitude to determine whether an offender is, in fact, indigent, including how likely the possibility of the offender obtaining employment in future. Therefore, the trial court may have found Grissom indigent at the present and, therefore, unable to obtain counsel in order to file a timely appeal and yet found him not indigent regarding his ability to pay a mandatory fine in the future." Id.
 {¶ 26} Furthermore, the Sixth District, in State v. Wilton (March 31, 2000), Wood App. No. W.D. 99-040, stated, "[e]vidence that an incarcerated offender does not have the means to retain counsel for his defense does not, in and of itself, establish that, once released, the offender will be unable to pay an imposed fine."
 {¶ 27} Although Grissom and Wilton involved the imposition of mandatory fines, the reasoning in those cases relating to the ability of a defendant to pay a fine in the future upon release from incarceration is applicable to the discretionary fine in the instant case.
 {¶ 28} The sentence imposing a fine by the lower court is not contrary to law; therefore, I cannot conclude under the clear and convincing standard that the imposition of a fine should be modified or revoked.
[23] Appellant's sixth assignment of error states:
"VI. The Trial Court Erred In Imposing A $10,000.00 Fine As The Appellant Was Adjudicated Indigent And Is Unable To Pay The Financial Sanction, Either Presently Or In The Future."